Alice Mays, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs June 11, 1982 to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*Jean E. Graybill,* Assistant Counsel, for respondent.

Opinion by Judge Craig, July 20, 1982:

Petitioner Alice Mays questions a final adjudication of the Department of Public Welfare affirming a decision of the Delaware County Board of Assistance which discontinued public assistance to the petitioner as payee for her grandson, Donald.

The hearing examiner found that the petitioner has cared for Donald—now eighteen years old—since he was an infant, and that Donald's mother, Joann Ruggiero, who has two other children, has never contributed to his support. Because the petitioner and Donald have lived with Ms. Ruggiero since 1975, and because Donald's mother has been receiving maternity benefits from her employer in lieu of salary since June of 1980, the examiner affirmed the board's conclusion that Donald was ineligible for assistance, under Sections 183.22 and 183.44(b) of the Public Assistance Eligibility Manual, 55 Pa. Code §§183.22 and 183.44; those sections[1] create a presumption that the

---

[1] Section 183.22 (ii) defines income as:

Any money which is available to [a client] except as provided in §183.44 (relating to procedures) and §183.64 (relating to procedures) from certain persons living with him, such as a parent.

income of a legally responsible relative, such as the mother of a minor child living in the same household, is available for the support of her dependents.

Citing the Pennsylvania Support Law[2] and the general policy provisions for public assistance,[3] the petitioner contends that the department must "develop" the potential resources of Donald's natural

---

Section 183.44(b) provides:

> The income considered available to the dependent or dependents applying for or receiving assistance will be arrived at by deducting allowances for his living expenses from the income of the spouse or parent.
>
> . . . .
>
> (3) *Remainder.* The remainder, up to the amount of the total allowances for the dependent or dependents applying for or receiving assistance, will be considered income available to these dependents.

Using these regulations, the county assistance office calculated that the income available for Donald's support was $905.90:

| | |
|---|---|
| Joann Ruggiero's monthly income from maternity benefits of $231.60 per week | $995.90 |
| Less difference between two-person and one-person assistance grant | —90.00 |
| Income available for Donald's support | $905.90 |

[2] Act of June 24, 1937, P.L. 2045, *as amended*, 62 P.S. §1973.

[3] 55 Pa. Code §187.21(a) states:

> (a) *Legal bases for support requirements.* The Support Law (62 P.S. §§1971-1977) provides authority to the courts to order or direct support to needy persons from legally responsible relatives (LRR) upon petition from the needy person or the Department. The Public Welfare Code (62 P.S. §§101-1503) requires the Department to grant assistance only to those persons who are without sufficient resources to maintain themselves. By law, then LRR's will be a potential resource to persons applying for or receiving assistance. The Support Law and the Public Welfare Code (62 P.S. §§101-1503) mesh to make it mandatory to explore and develop the resource that an LRR may provide to a client.

mother through a court petition to compel her to support him.

Because Section 1973 of the Support Law authorizes not only the department, but also the indigent person or "any other person or public body or public agency having any interest in the care, maintenance or assistance of such indigent person" to petition a common pleas court to compel financial assistance, we cannot interpret the language of 55 Pa. Code §187.21, mandating exploration and development of resources which a legally responsible relative may provide to an assistance recipient, as requiring the department, and only the department, to bring proceedings to compel support.

Accordingly, we affirm.

### Order

Now, July 20, 1982, the final adjudication of the Department of Public Welfare, dated January 19, 1981, case No. 92003-C, is affirmed.